**Dated: September 30, 2026.**

**CHRISTOPHER G. BRADLEY**
**UNITED STATES BANKRUPTCY JUDGE**

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **In re:**<br><br>**RELIANT PLUMBING & DRAIN CLEANING, LLC,**<br><br>**Debtor.** | §<br>§<br>§<br>§<br>§ | **Case No. 25-12000-CGB**<br><br>**Chapter 11** |
| **RITE WAY TUNNELING & STRUCTURAL REPAIR, LLC,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RELIANT PLUMBING & DRAIN CLEANING, LLC,**<br><br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Adv. No. 26-01020-CGB** |

**OPINION GRANTING**
**DEFENDANT'S AMENDED MOTION TO DISMISS [ECF No. 5]**

## Introduction

In this suit, a creditor seeks to have the debt owed by a corporate debtor deemed non-dischargeable because the debt allegedly resulted from the debtor's fraudulent conduct. But outside of the context of Subchapter V of Chapter 11 (which is not applicable here), the fact that a debt arose from fraud is not an adequate basis to bar the discharge of the claim of a non-governmental creditor against a business entity in a Chapter 11 case. This doctrine is well-established under longstanding, binding precedent as well as being plainly the correct result under the text of the Bankruptcy Code. Creditor's assertion to the contrary is, frankly, not just wrong but frivolous. Because it would be futile, the creditor will not receive permission to replead.

## Procedural Background

On August 26, 2025, Rite Way Tunnelling & Structural Repair, LLC (the "Plaintiff") brought a civil action against Reliant Plumbing & Drain Cleaning, LLC (the "Defendant" or "Debtor") before the 480th Judicial District Court in Williamson County, Case No. 25-2433-C480 (the "State Court Case") on counts of Breach of Contract, Promissory Estoppel, Quantum Meruit, Fraud, Suit on Sworn Account, and requesting attorney's fees.[1] The Plaintiff listed as parties to the State Court Case the Defendant, Reliant Plumbing Commercial, LLC, and Mr. Max S. Hicks in his individual capacity.[2] On October 24, 2025, the Plaintiff obtained a default judgment against the Defendant in the amount of $805,391.28 plus pre- and post-judgment interest at 18% per annum, and awarding attorney's fees and costs (the "Judgment").[3]

On December 19, 2025 (the "Petition Date"), the Defendant filed a *Voluntary Petition under Chapter 11* in this Court, commencing the Bankruptcy Case under Chapter 11 of the Bankruptcy Code.[4] The Defendant did not elect to proceed under Subchapter V.[5]

[1] ECF No. 5-1.
[2] *Id.*
[3] ECF No. 1 at 3.
[4] ECF No. 1 in Case No. 25-12000-CGB, the lead Bankruptcy Case (the "Bankruptcy Case).
[5] *Id.*

On March 28, 2026, the Plaintiff filed the Complaint initiating this Adversary Proceeding and requesting that this Court enter a declaratory judgment pursuant to 28 U.S.C. § 2022 stating that the Judgment against the Defendant in the State Court Case establishes a debt that ought to be excepted from discharge under Bankruptcy Code §§ 523(a)(2) and 1141(d)(6).[6]

On April 27, 2026, the Plaintiff timely filed its proof of claim preserving its claim against the estate in the amount of $906,821.09 (the "Claim") based on the Judgment in the State Court Case secured by a Judgment Lien.[7]

On April 27, 2026, the Defendant filed its Motion to Dismiss asking this Court to Dismiss the Complaint for failure to state a claim upon which relief may be granted.[8] Specifically, the Defendant requested that the Court dismiss the Complaint because it sought to except from discharge a private commercial debt against a corporate debtor under provisions of the Bankruptcy Code applicable only to claims held against individual debtors or claims held by a governmental unit against a corporate debtor.[9]

On May 18, 2026, the Defendant filed its *Response to the Amended Motion to Dismiss* (the "Response") arguing that the policy underlying the Bankruptcy Code and the historical backdrop pre-dating the Bankruptcy Code favored granting the requested relief.[10] The Response offered a convoluted interpretation of § 1141(d)(6), in which the types of debts owed by an individual debtor and excepted from discharge as listed in § 523(a)(2), would also be valid exceptions to discharge for debts held against a corporate debtor reorganizing under traditional Chapter 11.[11]The Response offered a convoluted interpretation of § 1141(d)(6), in which the types of debts owed by an individual debtor and excepted from discharge as listed in § 523(a)(2) would also be valid exceptions to discharge for debts held against a corporate debtor reorganizing under traditional Chapter 11.[12]

## Legal Background

[6] ECF No. 1.
[7] Claim No. 69-1 in the Bankruptcy Case.
[8] ECF No. 5.
[9] *Id.*
[10] *Id.*
[11] ECF No. 9.
[12] ECF No. 9.

The Defendant brings its *Motion to Dismiss* under Federal Rule of Civil Procedure 12(b)(6), made applicable to this case under Federal Rule of Bankruptcy Procedure 7012(b).[13] A Rule 12(b)(6) motion asks the court to dismiss a claim for "failure to state a claim upon which relief can be granted."[14] The primary analysis in deciding a 12(b)(6) motion is whether the Plaintiff has a plausible claim based on the facts pled when read in light most favorable to the Plaintiff.[15]

To defeat a motion to dismiss in this context, the Plaintiff must state sufficient facts to allow the court to draw an inference that the requisite elements of their claim exists as well as meet the pleadings requirements listed in Federal Rule of Civil Procedure 9(b) made applicable to this Court under Federal Rule of Bankruptcy Procedure 7009.[16] Facts are to be interpreted in the light most favorable to the plaintiff, but the court need "not strain to find inferences favorable to the plaintiff."[17] In a complaint alleging that a debt ought to be excepted from discharge under § 523(a) due to the debtor's alleged fraud, a plaintiff must state the particular circumstances constituting such fraud.[18]

## Jurisdiction and Authority

This Court has jurisdiction and authority to decide this case. The district court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b) and has referred it to this Court pursuant to the District Court's Standing Order of Reference and 28 U.S.C. § 157(b).[19] This matter is a core proceeding under 28 U.S.C. §§ 157(b)(1) and (b)(2)(I).[20] Venue is proper under 28 U.S.C. §§ 1408 and 1409.[21] Because this is part of the claims allowance process, the Court has constitutional authority to

---

[13] FED. R. CIV. P. 12(b)(6); FED. R. BANKR. P. 7012(b).
[14] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).
[15] *NextGear Cap., Inc. v. Garcia* (*In re Garcia)*, 679 B.R. 270, 274 (Bankr. W.D. Tex. 2026) (summarizing the applicable standard under Federal Rule of Civil Procedure 12(b)(6)).
[16] FED. R. CIV. P. 9(b); FED. R. BANKR. P. 7009.
[17] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008).
[18] *Discover Bank v. Monteagudo (In re Monteagudo)*, No. 12-03146, 2012 Bankr. LEXIS 3546, at *2 (Bankr. S.D. Tex. Aug. 1, 2012) (holding that the pleading standard for fraud required by Federal Rule of Civil Procedure 9(b) and made applicable to bankruptcy proceedings under Federal Rule of Bankruptcy Procedure 7009, are applicable in adversary proceedings brought under § 523(a)(2)(A)). *See also In re Mercer*, 246 F.3d 391, 401-02 (5th Cir. 2001) (requiring plaintiffs to submit proof of common law fraud in seeking exception to discharge under § 523).
[19] 28 U.S.C. §§ 157(b); 1334(a) and (b); Order #13-01, *Order of Reference of Bankruptcy Cases and Proceedings*.
[20] 28 U.S.C. § 157(b)(1) and (2)(I).
[21] 28 U.S.C. §§ 1408 and 1409.

determine it.[22] In addition, the parties each filed statements consenting to the Court's authority to enter a final judgment in this adversary proceeding.[23]

## Analysis

The Plaintiff has failed to state a plausible claim. The Plaintiff's Complaint did not set forth facts off of which the Court could draw any inference that the requisite elements of a valid claim exist. The Complaint, accordingly, failed to satisfy the pleading requirements and may be properly dismissed under Rule 12(b)(6).

The central issue in this Adversary Proceeding is whether the Plaintiff's Claim is excepted from discharge under § 1141 of the Bankruptcy Code. Specifically, the Court considers whether it may except Plaintiff's Claim in the related Bankruptcy Case from discharge under §§ 523(a)(2) and 1141(d)(6).[24] The Plaintiff alleges that its Claim, based on the underlying Judgment, ought to be excepted from discharge because the Defendant engaged in fraudulent activities that induced the Plaintiff to enter into a contract under which the Defendant knew or should have known it could not perform. But the Plaintiff fails to cite any *applicable* exception to discharge and thus fails to state a claim upon which relief may be granted.

### A. The Plaintiff's position is divorced from the text of the Bankruptcy Code, directly conflicts with binding Fifth Circuit precedent, and draws no support from any case law.

The Plaintiff asks the Court to conclude that run-of-the-mill fraud claims, when held by a private party against a corporate debtor in Chapter 11, are excepted from discharge. Although Plaintiff's Response is unclear at best, it appears to argue that courts should generally except debts listed in § 523 from discharge even for corporate debtors, and/or that § 1141(d)(6) excepts from discharge any debt owed by a corporate debtor under state fraud statutes. Plaintiff's position is divorced from the plain reading of the text, is unsupported by case law,[25] and directly conflicts with binding Fifth Circuit precedent.

---

[22] *Stern v. Marshall*, 564 U.S. 462, 499 (2011).
[23] ECF Nos. 11 and 12.
[24] ECF No. 1 at 6.
[25] Plaintiff relies on the Supreme Court's reasoning regarding § 523 in *Bartenwerfer v. Buckley*, 598 U.S. 69, 73-83 (2023), the Fifth Circuit's reasoning regarding § 1192 in *Avion Funding, L.L.C. v. GFS Indus., L.L.C. (In re GFS Indus., L.L.C.)*, 99 F.4th 223, 227-31 (5th Cir. 2024), and the

Section 523(a) provides a general exception to discharge for "individual debtor[s]" who have incurred a debt by fraud:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an *individual debtor* from any debt—
>
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>
> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
>
> (B) use of a statement in writing—
>
> (i) that is materially false;
>
> (ii) respecting the debtor's or an insider's financial condition;
>
> (iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and
>
> (iv) that the debtor caused to be made or published with intent to deceive.[26]

As this text makes clear, it applies to *individuals only*. Only if these types of debts are incorporated by *other sections* could they *conceivably* apply to *corporate* debtors.

As pertinent here, in non-Subchapter V (sometimes called "traditional") Chapter 11 cases, it is § 1141 that provides for the debtor's discharge. Section 1141 clearly incorporates § 523's limitations on discharge *for individual Chapter 11 debtors*. Section 1141(d)(2) clarifies that "a discharge under this chapter does not discharge a debtor *who is an individual* from any debt excepted from discharge under § 523 of this title."[27] This language obviously implies that corporate debtors are *not* generally subject to the exceptions listed in § 523.

---

Fifth Circuit's discussion of § 523(a) in *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 811-13 (1990), none of which in any way support the Plaintiff's tortured proposed interpretation of § 1141.

[26] 11 U.S.C. § 523(a)(2) (emphasis added).

[27] 11 U.S.C. § 1141(d)(2) (emphasis added).

As for *corporate* debtors, § 1141(d)(6) does impose some limitations on their discharge, and in doing so, it incorporates a small part of § 523(a) in very limited context. The reference to § 523 in § 1141(d)(6) is much narrower than the reference in § 1141(d)(2), underlining the distinct treatment for individual and corporate debtors under traditional Chapter 11.

Section 1141(d)(6) specifies that certain debts owed to governmental units, certain tax claims, claims under the False Claims Act, and "similar" claims, are excepted from the general discharge available upon confirmation of a plan of reorganization:

> [T]he confirmation of a plan does not discharge a debtor that is a corporation from any debt—
>
> (A) of a kind specified in paragraph (2)(A) or (2)(B) of section 523(a) *that is owed to a domestic governmental unit, or owed to a person as the result of an action filed under subchapter III of chapter 37 of title 31 or any similar State statute*; or
>
> (B) for a tax or customs duty with respect to which the debtor—(i) made a fraudulent return; or (ii) willfully attempted in any manner to evade or to defeat such tax or such customs duty.[28]

Plaintiff does not argue that § 1141(d)(6)(B) applies here, so we need look only to § 1141(d)(6)(A). By its plain reading, the exception to discharge in § 1141(d)(6)(A) only excepts from discharge certain types of debt listed in § 523(a) *when held by governmental units or owed to a person under the False Claims Act or "similar state statute*."[29] This section plainly does not render all of § 523(a) applicable to corporate debtors in traditional Chapter 11, but merely serves as a "shorthand to avoid listing all 21 types of debt in § 523(a)."[30] Neither party to this Adversary Proceeding or in the underlying State Court Case meets the Bankruptcy Code's definition of a governmental unit and the Plaintiff does not allege that the

---

[28] 11 U.S.C. § 1141(d)(6) (emphasis added).
[29] 11 U.S.C. § 1141(d)(6) (emphasis added).
[30] *See In re GFS Indus.*, 99 F.4th at 228.

Court should consider either party a governmental unit as defined in the Bankruptcy Code.[31] So that part of the section is clearly inapplicable.

Moreover, the underlying Judgement did not result from a claim under the False Claims Act (which is, in relevant part, contained in chapter 37 of title 31 of the U.S. Code) or any state statute counterpart. Plaintiff suggests, without support or elaboration, that: "State fraud statutes are similar to the False Claims Act in that they address fraudulent misrepresentations and recovery of wrongfully obtained money."[32] Plaintiff apparently asserts, in other words, that *any state law fraud claim* is sufficiently "similar" to the False Claims Act as to trigger a barrier to discharge for corporate debtors.

To read this provision in such a way as to except all state law fraud claims held by any party from discharge would truly be to hide an elephant in a mousehole.[33] The False Claim Act allows for a private person to step in the shoes of the government to obtain a piece of a judgment for certain fraudulent actions against the government.[34] It makes sense to include such claims—which emerge from fraud committed against the government even though the debts may now be owed to private parties—alongside this section's general protection for the government-held fraud claims. It would not make sense to read § 1141(d)(6) as introducing vast exceptions to discharge for any claim held by anyone for any fraud in violation of any state laws.

The obvious interpretation of "similar state laws" is that it brings in claims under laws such as the Texas Medicaid Fraud Prevention Act, which permit private parties to step into the shoes of the governmental victim and obtain the right to some recovery as a result.[35] Plaintiff's attempt to shoehorn its claim into this narrow statute has absolutely no merit. Section 1141(d)(6) does not except every state law-

---

[31] "The term 'governmental unit' means United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States (but not a United States trustee while serving as a trustee in a case under this title), a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government." 11 U.S.C. § 101(27).

[32] ECF No. 5 at ¶ 20.

[33] *Whitman v. Am. Trucking Ass'n, Inc.*, 531 U.S. 457, 468 (2001) (Scalia, J.) ("Congress . . . does not, one might say, hide elephants in mouseholes.").

[34] *See generally* 31 U.S.C. 3730(b), (d)(1)-(3).

[35] Similar to the federal False Claims Act, the Texas Medicaid Fraud Prevention Act authorizes the attorney general to investigate and enforce its provisions and allows private citizens to bring actions via its qui tam provisions on behalf of the government. Tex. Hum. Res. Code Ann. §§ 36.101, 36.117.

based fraud claim from discharge. Unsurprisingly, Plaintiff cites no cases since the passage of the Bankruptcy Code a half century ago to support its position.

By contrast, Fifth Circuit law plainly, universally, and overwhelmingly supports the principle that § 523's exceptions to discharge do not generally apply to corporate debtors.[36] Bankruptcy courts are a unit of the district court under 28 U.S.C. § 151 and are bound by Fifth Circuit law.[37] The Plaintiff derides the clearest statement of the circuit's binding precedent in its critique of the Fifth Circuit's opinion in *Garrie v. James L. Gray, Inc*.[38] Plaintiff urges the Court to disregard *Garrie* on grounds that it was decided in 1990 and acts as if its reliance on a "single source" (a decision from the U.S. Court of Appeals for the Eighth Circuit, no less!), undermines its binding effect. But these are simply not grounds to disregard a binding holding. Moreover, the Plaintiff failed to acknowledge that the Fifth Circuit also grounds its holding on the *text of the Bankruptcy Code*.[39] The Court notes as well that the Court's holding in *Garrie* was not stray dicta, as the Plaintiff alleges, but was rather a statement necessary to determine the issues before the court.[40] Regardless, the Plaintiff's cited reasons are not grounds to disregard the Fifth Circuit's holding even if the Court were inclined to think it wrong (which it does not).

The Plaintiff itself admits that case law analyzing §1141(d)(6) is sparse, but it misunderstands why that is.[41] The case law analyzing §1141(d)(6) is "sparse" *because the Bankruptcy Code section's language is so plain that most lawyers presumably recognize that to try to expand it (as Plaintiff has attempted here) would be not just fruitless but frivolous*. In addition, whether in dicta or not, numerous other

[36] *Garrie v. James L. Gray, Inc.*, 912 F.2d 808, 812 (1990)(stating that § 523(a) exceptions apply against an individual, not a corporate debtor under Chapter 11); *In re Texas Tamale Co., Inc.*, 219 B.R. 732, 741 n.7 (Bankr. S.D. Tex. 1998) (explaining that the debts excepted from discharge under § 523 are applicable to individual debtors and not applicable to corporate debtors except from as clearly stated under § 1141).

[37] *Schmidt v. Boyert (In re Schmidt)*, 362 B.R. 318, 326 n.2 (Bankr. W.D. Tex. 2007) (citing *In re Orso,* 214 F.3d 637, 640 n.5 (5th Cir. 2000), *rev'd en banc on other grounds,* 283 F.3d 686 (5th Cir. 2002) and noting that the bankruptcy court is "not empowered to re-think and overturn Fifth Circuit precedent on its own"). The Plaintiff's statement regarding the validity or binding effect of Fifth Circuit law in *Garrie*, 912 F.2d at 812 is unpersuasive and incorrect. ECF 9 at 3-4.

[38] 912 F.2d 808, 812 (5th Cir. 1990).

[39] ECF No. 9 at ¶¶ 13-16.

[40] *See United States v. Rice*, 719 F. Supp. 3d 618, 623 (W.D. Tex. 2024) (explaining that statements made that are unnecessary to the determination of issues raised and considered by the court are dicta).

[41] ECF No. 9 at 4.

lower court opinions refer to the plain language of the Bankruptcy Code in stating that the § 523 exceptions do not generally apply to corporate Chapter 11 debtors.[42]

Much of the above seems obvious, and it is unclear to the Court whether the Plaintiff's cursory and meandering response is really intended to refute any of it. Truthfully, it appears that Plaintiff's position is motivated by its reading of the Fifth Circuit's recent *GFS Industries* case, which dealt with discharges for corporate debtors in Subchapter V cases. Unfortunately, the Plaintiff's interpretation of that case is just as flawed and unsustainable as the other parts of its argument, as the next section discusses.

**B. The cases recognizing exceptions to discharge for corporate debtors in Subchapter V provide additional support for the Defendant's position that *outside* of Subchapter V, nothing has changed.**

The Defendant filed this Bankruptcy Case under Chapter 11 of the Bankruptcy Code and did not elect to proceed under Subchapter V.[43] Despite this fact, the Plaintiff appears to argue that the Fifth Circuit's reasoning in *GFS Industries* interpreting the reference to § 523(a) in § 1192 (which is part of Subchapter V) should not be limited to Subchapter V but should apply to traditional Chapter 11 as well.[44]

This attempt to broaden the *GFS Industries* holding beyond Subchapter V is not at all persuasive. Subchapter V excepts from discharge the kinds of debts listed in § 523(a) when held against a Subchapter V debtor. In *GFS Industries*, the Fifth Circuit explained that § 1192, the Bankruptcy Code section governing discharge for Subchapter V debtors, refers to the "debtor," without differentiating corporate versus individual Subchapter V debtors.[45] Section 1192 excepts from discharge, for all

[42] *In re GFS Indus., L.L.C.*, 99 F.4th at 228; *In re Texas Tamale Co., Inc.*, 219 B.R. 732 at n.7 (Bankr. S.D. Tex. 1998); *In re JRB Consol., Inc.*, 188 B.R. 373, 374 (Bankr. W.D. Tex. 1995) (stating in dicta that "[it] seems clear from that language that corporate debtors in Chapter 11 are not subject to a complaint to determine dischargeability of debt under § 523(a).").
[43] ECF No. 1 in the Bankruptcy Case.
[44] *See* ECF No. 9, paras. 22-25. *See also In re GFS Indus., L.L.C.*, 99 F.4th at 232 (holding that subchapter V reference to "any debt . . . of the kind specified in section 523(a)" applies the listed exceptions to discharge to both individual and corporate subchapter V debtors).
[45] *Id.* at 228; The Bankruptcy Code defines a "person" to include both individuals and corporations. 11 U.S.C. § 101(41).

Subchapter V debtors, "any debt . . . of the *kind* specified in § 523(a)."[46] For this reason, *GFS Industries* held that the reference to the *type of debt*, rather than the *type of debtor*, means that the types of debt listed in § 523(a) are excepted from discharge as against either a corporate or individual debtor.[47]

The *GFS Industries* holding is specific to Subchapter V. Plaintiff apparently wants to broaden it. But in fact, both the text and the reasoning of *GFS Industries* strongly supports this Court's conclusion that the broader Subchapter V exceptions to discharge do *not* apply in traditional Chapter 11 cases such as this one.[48] Rather than recognize the obvious differences between the discharge available under § 1141(d)(6) and the unique discharge provisions under Subchapter V in § 1192, the Plaintiff contends that the Fifth Circuit's holding in *GFS Industries* somehow ought to extend to traditional Chapter 11 debtors. This argument ignores the basis for the Fifth Circuit's holding.

In fact, *GFS Industries repeatedly and plainly recognized* that Subchapter V led to a *different result* from traditional Chapter 11 cases, as Congress intended. The court noted, for instance, that "traditional Chapter 11 proceedings distinguish discharges for individual and corporate debtors."[49] It stated that "like most legislation, Subchapter V is a compromise: affording small business debtors unique benefits *while subjecting them to § 523(a)'s dischargeability exceptions*."[50] A crucial, central part of the discussion in *GFS Industries* is the emphasis on the *tradeoff* between the benefits of Subchapter V with the burden, for corporate debtors, of *additional grounds for discharge—"subjecting them to § 523(a)'s dischargeability exceptions"—as compared with traditional Chapter 11 cases*.[51] In fact, much of the *GFS Industries* analysis only makes sense if corporate Subchapter V debtors face exceptions to discharge that corporate Chapter 11 debtors otherwise do not.

Despite its importance as well as the clarity of its analysis, *GFS Industries* is not lengthy—it takes up nine pages of text in the federal reporter. Still, in those nine

---

[46] *Avion Funding, L.L.C. v. GFS Indus., L.L.C. (In re GFS Indus., L.L.C.)*, 99 F.4th 223, 228 (5th Cir. 2024).
[47] *In re GFS Indus., L.L.C,* 99 F.4th at 228.
[48] *In re GFS Indus., L.L.C,* 99 F.4th at 232 n.7.
[49] *In re GFS Indus., L.L.C,* 99 F.4th at 230. The footnote to this sentence cites to § 1141(d)(2), (5), and (6), with parentheticals explaining that the first two deal with dischargeability for individuals and the last for corporate debtors.
[50] *In re GFS Indus., L.L.C,* 99 F.4th at 232.
[51] *In re GFS Indus., L.L.C,* 99 F.4th at 232.

pages, the *GFS Industries* court cites a recently decided case from the U.S. Court of Appeals for the Fourth Circuit, *Cleary Packaging,*[52] no fewer than sixteen times (many of these with quotations). *Cleary Packaging* also strongly speaks against the Plaintiff's position. The *Cleary Packaging* court emphasizes how different Subchapter V is from traditional Chapter 11 with respect to the breadth of its exceptions to discharge for corporate debtors.[53] For instance, after discussing Subchapter V, *Cleary Packaging* contrasts it as follows: "[A]s to traditional Chapter 11 proceedings, Congress explicitly distinguished the discharges of individual debtors from the discharges of corporate debtors in § 1141(d), excluding a different array of debts from discharge for each. *Compare id.* § 1141(d)(2), (5) (addressing the scope of discharge for individuals), *with id.* § 1141(d)(6) (addressing the scope of discharge for corporations)."[54]

Elsewhere, *Cleary Packaging* explained that Subchapter V ought to be understood in the context of how it differed from traditional Chapter 11, specifically regarding the elimination of the absolute priority rule and exceptions to discharge:

> [O]ur interpretation of § 1192(2) in Subchapter V makes particular sense when considering that subchapter's juxtaposition in Chapter 11 with traditional Chapter 11 provisions, reflecting its distinctive purpose within that Chapter. . . . Congress deliberately altered the general provisions of traditional Chapter 11 proceedings by, among other things, eliminating the absolute priority rule and limiting the applicability of § 1141(d) to Subchapter V proceedings. Section 1141(d), in particular, sets forth debts that are eligible for discharge in a traditional Chapter 11 proceeding, making distinctions between individual debtors and corporate debtors. In contrast, § 1192 provides benefits to small business debtors, regardless of whether they are individuals or corporations.[55]

This language again accords with the emphasis on the contrast between the expanded dischargeability exceptions of Subchapter V and the still-narrow exceptions of

---

[52] *Cantwell-Cleary Co. v. Cleary Packaging, LLC (In re Cleary Packaging, LLC)*, 36 F.4th 509, 515 (4th Cir. 2022).
[53] *In re Cleary Packaging, LLC,* 36 F.4th at 515.
[54] *In re Cleary Packaging, LLC,* 36 F.4th at 516.
[55] *In re Cleary Packaging, LLC,* 36 F.4th at 517. (emphasis added).

traditional Chapter 11. It is worth noting that the despite the repeated, in-depth discussion of the Fourth Circuit's *Cleary Packaging* decision throughout the Fifth Circuit's *GFS Industries* decision, the Plaintiff's Response brief cites only the *lower* court opinion in *Cleary* without so much as noting that it was overturned, and the brief nowhere acknowledges or discusses the Fourth Circuit's opinion overturning it.

**C. Plaintiff's argument is not just wrong; it is completely without basis and is accurately described as frivolous.**

The Court has repeatedly used the word "frivolous" in this opinion, and it wishes to emphasize that this was not done thoughtlessly. To the contrary, the Court has given careful deliberation to this term and has concluded that it is appropriate.

The Court is, candidly, disappointed that any lawyer would file a complaint based on such a foundationless position; even more so that they would defend the complaint against a clearly stated and plainly meritorious Motion to Dismiss; and finally, that, having chosen to continue down a path they should never have entered, their response brief would *fail even to address* numerous aspects of the Motion to Dismiss.

It is the Court's conviction that no reasonably diligent lawyer could have, in good faith: (1) believed that the exceptions to discharge provided in § 1141(d)(6) apply here; or (2) read the Fifth Circuit's *GFS Industries* case and come away with the view that it supported the Plaintiff's position.

Unfortunately, these days, it is hard not to suspect the use of generative AI in producing such a strained, contorted reading of a statutory provision and a major case. Whether that is the genesis of the Plaintiff's writings or not, the Court cannot help but lament that the Debtor was forced to incur attorney's fees and the Court personnel forced to expend effort addressing such a patently frivolous argument. The Court respectfully urges Plaintiff's counsel to engage in more careful consideration before filing complaints, or briefs, in the future.

**D. Plaintiff's requested amendment to the Complaint would be futile.**

Finally, the Court considers whether to allow the Plaintiff to amend its Complaint to add "targeted allegations responsive to the issues identified in [the

Defendant's] motion."[56] The Plaintiff requests leave to amend its Complaint to clarify whether its Claim may actually be brought against a governmental unit or is otherwise excepted under § 1141(d)(6).[57]

Parties may amend a pleading once as a matter of course either 21 days after serving a pleading or 21 days after service of a 12(b) motion under Federal Rule of Civil Procedure 15, made applicable to this Court under Federal Rule of Bankruptcy Procedure 7015.[58] Prior to trial, other amendments must be with opposing party's written consent or the court's leave.[59] Absent a stated reason for denial, courts should freely give leave to amend when justice requires.[60]

A court is not required to give leave to amend when it "appears to the court that the amendment would be futile."[61] An amendment is futile if the amended complaint would fail to state a claim upon which relief could be granted.[62] In determining whether an amendment would be futile, courts apply the same legal sufficiency and pleading standard under Rule 12.[63] To state a claim upon which relief may be granted under Rule 12(b)(6) a plaintiff must plead facts that permit the court to infer more than a mere possibility of success. If the amended complaint could not survive a motion to dismiss under Rule 12(b)(6), granting leave to amend is futile.[64] Courts are to interpret the underlying facts in the light most favorable to the movant requesting leave to amend its complaint, but are not obligated to grant the requested relief if it would not survive a subsequent motion to dismiss.[65]

Under the applicable law and based on the Plaintiff's underlying claim, amending the Complaint would be futile. An amended complaint cannot change the

---

[56] ECF No. 9 at 7.
[57] ECF No. 13.
[58] FED. R. CIV. P. 15(a)(1); FED. R. BANKR. P. 7015.
[59] Fed. R. Civ. P. 15(a)(2).
[60] *Arete Creditors Litig. Trust v. Tricounty Fam. Med. Care Grp. (In re Arete Healthcare LLC),* No. 19-52578, 2022 WL 362924, at *17 (Bankr. W.D. Tex. Feb. 7, 2022).
[61] *Dual D Health Care Operations v. Douglas (In re Dual D Health Care Operations, Inc.),* No. 17-41320, 2021 WL 3083344, at *6 (Bankr. N.D. Tex. July 21, 2021).
[62] *Stripling v. Jordan Prod. Co.,* 234 F.3d 863, 873 (5th Cir. 2000) (joining the Third, Seventh, First, and Eleventh Circuits in applying the same standard of legal sufficiency as is applied to a 12(b)(6) motion).
[63] *United States of Am. ex rel. Gentry v. Encompass Health Rehab. Hosp. of Pearland, L.L.C.*, 157 F.4th 758, 763 (5th Cir. 2025).
[64] *McCoy v. Miss. Dep't of Revenue (In re McCoy)*, No. 07-02998, 2020 WL 718266, at *13 (Bankr. S.D. Miss. Feb. 3, 2020).
[65] *Stripling v. Jordan Prod. Co.,* 234 F.3d at 872–73.

fact that the Claim and underlying Judgment are held by a private entity, may not be reasonably brought on behalf of any governmental unit, and are not claims for fraudulent tax returns. Providing additional details or taking additional time to develop the underlying facts at trial would not remedy this defect. Considering the underlying facts and the nature of this Claim, the Court is not persuaded that any amended Complaint could survive a subsequent 12(b)(6) motion to dismiss rendering the requested amendment futile. Because any amended complaint to except the underlying Claim from discharge under Chapter 11 would be futile, the Court denies the Plaintiff's request to amend its Complaint.

**E. Conclusion**

The Defendant sufficiently demonstrated that the Plaintiff has failed to allege any exception to discharge under § 1141(d)(6) or any other viable claim for relief. Plaintiff has failed to allege facts that bring its claim within any exception to discharge under § 1141(d)(6) or otherwise state a viable claim for relief. The Motion to Dismiss is therefore granted in all respects and the Plaintiff's request to amend its Complaint is denied. The Court will enter an order to that effect.